UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ROBERT EVERTON RUSHIE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-112-ART |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KAREN HOGSTEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Robert Everton Rushie, a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 2. In his petition, Rushie indicates he challenges the inadequacy of a § 2255 motion. He has also filed a supporting memorandum of law, R. 3. Rushie has paid the $5.00 filing fee.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243. At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (N.D. W. Va. 1953)). As Martin is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)). During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant. *Cf. Urbina*, 270 F.3d at 295 (holding that allegations must be taken as true and construed in favor

of petitioner in ruling on a motion to dismiss (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983))).

## I.     BACKGROUND

In his petition, Rushie indicates that on March 14, 2001, a jury found Rushie guilty of possession of a firearm in interstate commerce following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924 (e)(1).  R. 2 at 2.  In addition, on April 2, 2001, a jury found Rushie guilty of possessing cocaine hydrochloride with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  *Id.*  On December 12, 2001, Rushie was sentenced to a cumulative 210-month term of incarceration to be followed by a 8-year term of supervised release.  *Id.*; R.3 Attach. 1 at 8.  On September 18, 2002, the Fourth Circuit Court of Appeals affirmed Rushie's conviction and sentence.  R. 2 at 2; *see also United States v. Rushie*, No. 01-5018, 2002 WL 31065272 (4th Cir. September 18, 2002).  Thereafter, the United States Supreme Court denied Rushie's petition for a writ of *certiorari* on April 21, 2003.  *See Rushie v. United States*, 538 U.S. 994 (2003).

Rushie indicates that he previously filed a § 2255 Motion in the Middle District of North Carolina claiming ineffective assistance of counsel, prosecutor misconduct, and denial of his request for a continuance.  R. 2 at 2. In his current petition, he claims that his § 2255 Motion is inadequate or ineffective.  *Id*. at 3.  Rushie asserts his "actual innocence" and challenges the constitutionality of his criminal convictions on several grounds including: (1) the joinder of his underlying two offenses in a single indictment has not been expressly authorized under title 18 U.S.C. § 101; (2) the trial court impermissibly amended the offenses charged in the indictment through its instructions to the jury; (3) the prosecutor failed to serve a copy of the indictment

prior to trial, failed to disclose exculpatory evidence, and made false and inflammatory statements of fact during trial; and (4) his counsel provided constitutionally ineffective assistance. *See* R. 3 (attached Memorandum in Support of his § 2241 Petition).

## II. DISCUSSION

Rushie's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. § 2241. Ordinarily, a petition for writ of habeas pursuant to section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being executed, rather than the validity of the sentence itself. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). On the other hand, a federal prisoner may challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court that sentenced him. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under § 2241 if his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-existing law. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In addition, the remedy is not "inadequate and ineffective" simply because the prisoner presented his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles*, 180 F.3d at 756-58. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Id.* at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and

ineffective" remedy in only one instance–where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, No. 03-6453, 2004 WL 2203581, *2 (6th Cir. Sept. 16, 2004) (citing *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003)). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, "actual innocence" means "factual innocence, not mere legal insufficiency." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003)(citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Lott v. Davis*, No. 03-6172, 2004 WL 1447645, *2 (6th Cir. June 18, 2004).

Rushie has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. In his petition, Rushie does not explain why the remedy under § 2255 is inadequate or ineffective. Rather, he makes the conclusory statement that the "2255 Remedy has been exhausted." R. 2 at 3. All of Rushie's allegations in his attached memorandum, for example his claim of ineffective assistance of counsel, relate to the propriety of the conduct of his criminal trial, issues which could and should have been asserted during his criminal trial and any direct appeal. These are not claims of "actual innocence" because he has not shown an intervening change in the law. *See Peterman*, 249 F.3d at 462; *Lott*, 2004 WL 1447645 at *2. As the Sixth Circuit has explained, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255. *See Charles*, 180 F.3d at 756-58. Further, the remedy "afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Id.* at 758. Therefore, Rushie's § 2241 petition must

be denied.

III.     **CONCLUSION**

The Court being sufficiently advised, it is **ORDERED** as follows:

1.   Petitioner Rushie's petition for a writ of habeas corpus, R. 2, is **DENIED.**

2.   This action is **DISMISSED**, *sua sponte*, from the Court's docket.

3.   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

4.   The Respondent is Warden Karen F. Hogsten, misidentified as Karen Hugsteen, in the petition filed, R. 2.

This 15th day of April, 2009.



Signed By:
*Amul R. Thapar*   AT
United States District Judge